**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**Appeal of Richard Joyce SMITH, Trustee of the New York, New Haven & Hartford Railroad.**

**Appeal of The NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY FIRST MORTGAGE 4% BONDHOLDERS COMMITTEE.**

**Nos. 71–1582, 71–1734.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Oct. 22, 1971.

Decided Jan. 3, 1972.

See also D.C., 328 F.Supp. 991.

1. AND NOW, this 21st day of June, 1971, upon consideration of the verified Petition of the Trustees on Matters Relating to New Haven Inclusion, the record in these proceedings, the "Memorandum of Decision on Issue of Equitable Lien and Other Matters Preliminary to Remand to Interstate Commerce Commission," filed June 11, 1971 (Memorandum Decision) by the United States District Court for the District of Connecticut (New Haven Court) in Proceedings for the Reorganization of a Railroad, No. 30226, and upon hearing had this day, it is hereby ORDERED:

(1) The Trustees, by their counsel, are instructed to appear before the United States District Court for the District of Connecticut (New Haven Court) in proceedings for the reorganization of The New York, New Haven and, Hartford Railroad Company (New Haven), and to present objections to the entry of any order on, or any implementation of, the Memorandum Decision which is beyond

Spencer Ervin, Jr., Tate & Ervin, Philadelphia, Pa. (Sullivan & Worcester, Boston, Mass., Tate & Ervin, Philadelphia, Pa., James Wm. Moore, New Haven, Conn., Joseph Auerbach, Morris Raker, Boston, Mass., on the brief), for Richard Joyce Smith.

Harold Greenberg, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for New York, New Haven, etc., Bondholders Committee.

Brice M. Clagett, Covington & Burling, Washington, D.C., for appellee.

Before ALDISERT, GIBBONS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

These appeals originally required an interpretation of Order No. 296 of the District Court for the Eastern District of Pennsylvania, In The Matter of Penn Central Transportation Company, Debtor.[1] Appellants contended initially the jurisdiction of the New Haven Court or which would interfere with the reorganization of the Debtor herein or the jurisdiction of this Court with respect thereto and to present objections on such other grounds as to the trustees or their counsel shall seem appropriate; and the Trustees are further instructed to advise the New Haven Court that their participation in such proceedings is without prejudice to the primary jurisdiction of this Court in the reorganization of the Debtor; and the Trustees are instructed to institute appropriate proceedings in this Court or elsewhere in aid thereof.

(2) The Trustee of the property of The New York, New Haven and Hartford Railroad Company, The Fidelity Bank, all other persons claiming an interest in the New Haven estate, the officers, agents, servants, employees and attorneys of any of them, and all other persons, firms or corporations, whatsoever and wherever situated, and whether a party to these proceedings or not, are hereby

that the order (1) precluded the New Haven Trustee from taking steps to apply to the United States Supreme Court for certiorari before judgment of the Court of Appeals of the Second Circuit in In The Matter of The New York, New Haven and Hartford Railroad Company, Debtor, a pending appeal from the bankruptcy court, the District Court for the District of Connecticut, No. 30226; (2) prevented them from taking necessary steps to schedule further proceedings before the Interstate Commerce Commission to implement the remand of the New Haven bankruptcy court and (3) prevented them from taking further action to record or perfect the recordation of an equitable lien.[2] After filing these appeals, the parties agreed that Order No. 296 does not prevent appellants from pursuing the course of conduct contemplated by (1) and (2).

Subsequent to a Prehearing Conference, called by the court pursuant to F. R.A.P. 33, the parties conferred with the district court, at our suggestion, on any

restrictions relating to point three, and were advised:

In my opinion, neither the New Haven Trustee nor his counsel, nor anyone else acting at their request or suggestion, could take any further action to record or perfect the recordation of the "equitable lien" without violating Order No. 296 as it now stands. Accordingly, if these activities were to be permitted, a modification of Order No. 296 would be required. It would be necessary for someone to make application for such amendment, and there would have to be a hearing at which the views of all interested parties could be presented.

I believe it would be inappropriate for me to give any indication of whether such amendment would be approved, in the absence of a formal application, and without having heard the views expressed at such a hearing. I do not know whether your conference with the Third Circuit panel would justify the conclusion that this

---

enjoined from taking any action which would enforce, collect or cause to be perfected or paid any claim against the Debtor or its estate arising out of the inclusion of the New Haven into the Debtor, other than in these proceedings, or which would interfere with the primary jurisdiction of this Court to deal with properties in its possession or under its control pending further order of this Court.

(3) The Trustees are directed to continue to divide all income derived from properties formerly owned by the New Haven and from the so-called "Grand Central Terminal Properties" to defray current expenses of the Debtor's estate except as heretofore or hereafter ordered by this Court.

\* \* \* \* \*

(5) A hearing is set in this Court at 10:30 a. m. on the 26th day of July, 1971, at the United States Courthouse, Ninth and Market Streets, Philadelphia, Pennsylvania, at which time this Court will consider whether it should adjudicate, and may adjudicate the rights of the Trustees in the properties conveyed to the Debtor by the Trustees of The New York, New Haven and Hartford Railroad Company, in the Grand Central Terminal

Properties, and in the income therefrom, and will determine whether or not to continue the foregoing relief, and to consider such other or further relief as may be required to preserve and effectuate the jurisdiction of this Court.

\* \* \* \* \*

2. The New Haven bankruptcy court "recapitulated its principal rulings as follows: that it has plenary jurisdiction to construe and implement the mandate of the Supreme Court; that this obligates the Penn Central Trustees to see that the New Haven estate is fully compensated for the remaining balance of $132 million; and that under the unusual circumstances of this case this court should and does declare an equitable lien in favor of the New Haven on the tangible property, exclusive of rolling stock, conveyed by it to Penn Central and also declares a constructive trust, in the New Haven's favor, to the extent of the capitalized value of one-half of the excess income received from the Grand Central properties. It remands the plan of reorganization to the Interstate Commerce Commission to carry out and implement this court's adjudication."

issue should be dealt with somewhat less formally than I have just indicated. But even if this question could be disposed of informally, I do not believe I have any jurisdiction to amend Order No. 296 while an appeal is pending.

We believe that the ends of justice will be best served by remanding these proceedings to the district court to afford appellants the opportunity to make application for a modification of Order No. 296.

The appeals will be dismissed without prejudice and the proceedings will be remanded to the district court.